IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHANIEL TUMBWE, #1659695, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-1723-P-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On July 15, 2010, Petitioner was convicted in two separate cases of aggravated assault with a deadly weapon and was sentenced to 15 years' imprisonment in each. *State v. Tumbwe*, Nos. F09-20750 and F09-01284 (282nd Judicial Dist. Court, Dallas County, Jul. 15, 2010). Petitioner did not appeal, but on August 24, 2010, he filed a federal habeas petition, which this Court dismissed on December 21, 2010, for failure to exhaust state court remedies. *Tumbwe v. Thaler*, No. 3:10-CV-1658-L, 2010 WL 5387777 (N.D. Tex., Dallas Div., 2010). Subsequently, on July 1, 2011, Petitioner sought state habeas relief, which the Texas Court of Criminal Appeals

(CCA) denied on March 21, 2012. *Ex parte Tumbwe*, Nos. WR-77,207-01 and -02.[1] Thereafter, on June 4, 2012, Petitioner filed the federal petition presently at issue, along with a *Motion for Abeyance*. (Doc. 3; Doc. 5).

In four grounds, Petitioner alleges the court and defense counsel failed to advise him of the consequences of his guilty pleas, counsel rendered ineffective assistance, his confessions were coerced, and the court did not "keep the promise (breach of agreement)" to sentence him to two and thirteen years' imprisonment. (Doc. 3 at 6-7). Petitioner has since submitted a second *Motion for Abeyance* together with a response addressing the applicability of the one-year limitations period. (Doc. 10; Doc 11).

## II. ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable here as there is no allegation of a state-created impediment that prevented timely filing of the claims; Petitioner does not base his claims on any new constitutional right, and the

---

[1] The dates listed above were verified through information available on the Dallas County website, the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website. The Court also reviewed an electronic version of the state habeas court records available through the CCA.

facts supporting the grounds for relief should have been known prior to the date on which Petitioner's conviction became final.

Date Conviction Became Final

After advising Petitioner that his habeas petition appeared to have been filed outside of the limitations period, the Court granted him an opportunity to explain why his petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. In response, Petitioner asserts that "[o]n August 9, 2010, [he] filed an application for appeal in the Judicial District Court" and that "it was denied on May 25, 2011." (Doc. 3 at 9; Doc. 11 at 1). His contention is conclusory and wholly unsupported. The state court's online dockets, as well as electronic copies of the state habeas court record, do not reflect that direct appeals were ever filed. Indeed, the record reveals that when Petitioner pled guilty, he expressly waived his right to appeal as part of the plea agreements in both cases. *See* July 15, 2010, Plea Agreement in Nos. F09-20750 and F09-01284, available online on Dallas County Website; *Ex parte Tumbwe*, No. WR-77,207-01 at 49; No. WR-77,207-02 at 46.

Having failed to appeal, Petitioner's convictions became final on Monday August 16, 2010 – thirty days after the July 15, 2010, judgment. *See* TEX. R. APP. P. 4.1(a) (computation of time) and 26.2(a)(1) (time to file notice of appeal in criminal cases). Thus, the one-year limitations period began running on Monday August 17, 2010. As of July 1, 2011, the day on which Petitioner filed his state application, 318 days of the one-year limitations period had elapsed. The application remained pending until its denial on March 21, 2012, during which time the one-year period was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of limitations period during pendency of state habeas proceedings). The one-year period resumed

running on March 22, 2012, and expired 47 days later on May 8, 2012. However, the federal petition at issue here was not filed until May 29, 2012.

      A federal petition is deemed filed when a petitioner tenders it to prison officials for mailing. See Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system). Here, Petitioner signed his federal petition, cover letter, and Motion for Abeyance on May 7, 2012. (Doc. 3 at 10-12; Doc. 5 at 3). However, on May, 29, 2012, he obtained a certificate of inmate trust, which he attached to his motion to proceed *in forma pauperis* (unsigned and undated). (Doc. 4 at 1-4). Petitioner then mailed all pleadings to this Court in one envelope. (Doc. 3 at 13). Thus, the petition in this case is deemed filed as of May 29, 2012, the earliest possible date on which Petitioner could have mailed it after issuance of the certificate of inmate trust account which was included in the same envelope. Consequently, the federal petition was clearly filed outside the one-year statute of limitations and should be dismissed as untimely absent equitable tolling.[2]

      <u>Applicability of Mail Box Rule to State Proceedings and Statutory Tolling</u>

      Petitioner also appears to rely on the "mailbox" rule to contend that his state habeas application should be deemed filed on June 27, 2012, the day on which he purportedly signed and handed it to prison officials for mailing, instead of the latter date of July 1, 2012, when the Dallas County District Clerk received and filed the same. (Doc. 3 at 9.) The United States Court of Appeals for the Fifth Circuit, however, has "declin[ed] to extend the [federal] mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d 398,

---

[2] Statutory tolling is unavailable during the pendency of Petitioner's first federal petition. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (a federal petition is not an "application for State post-conviction or other collateral review" within the meaning of section 2244(d)(2)).

402 (5th Cir. 1999); *see also Howland v. Quarterman*, 507 F.3d. 840, 845 (5th Cir. 2007) (per curiam) (reiterating *Coleman* analysis is still valid).  In addition, the Texas prison mail box rule does not apply to the filing of a state habeas application.  *Howland*, 507 F.3d at 844-45 (holding Texas Supreme Court's adoption of the prison mailbox rule in the civil context does not affect the state's treatment of filing requirements for state habeas petitions, which are criminal in nature).

Referencing his first *Motion for Abeyance*, Petitioner also states that "[e]ach time that . . . [he] filed a motion in the [convicting] court, (JDC 282), the time stopped running according to the law: 28 U.S.C. § 2244(d)."  (Doc. 3 at 9).  However, even assuming the three "amended supplemental" briefs referenced in Petitioner's first and second *Motions for Abeyance* were filed in state court, they do not provide a basis for statutory tolling.  (Doc. 5 at 5; Doc. 10 at 4, 6, 8 ).  The first and second supplemental briefs were filed during the pendency of Petitioner's state habeas applications and, thus, the one-year limitations period was already tolled under section 2244(d)(2).  Because the third supplemental brief was filed in May 2012 (Doc. 5 at 2; Doc. 10 at 10-18), <u>after</u> the denial of Petitioner's state applications, statutory tolling is inapplicable.  *Cf. Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).

## B.  <u>Equitable Tolling</u>

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010).  To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited 318 days before he filed his state habeas application. His lack of diligence did not end there. Following the denial of his state application, Petitioner delayed an additional 68 days before he mailed the federal petition, with motions and certificate of inmate trust account, in this case. The United States Court of Appeals for the Fifth Circuit has recognized that to pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence).

Moreover, apart from generalized statements in support of equitable tolling, Petitioner does not explain the reason for the delays in his case. (Doc. 3 at 9; Doc. 11 at 1-8). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither

Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

**B.   Motions for Abeyance**

Petitioner "requests . . . a stay and abeyance order to ensure that [he] will be allowed to return to this Honorable Court after exhausting his state remedies." (Doc. 5 at 1; Doc. 10 at 1). In his first *Motion for Abeyance*, he references supplemental memorandums, which he claims submitting to the state court during the pendency of his state habeas cases. (Doc. 5 at 1-3). The second *Motion for Abeyance* references the same supplemental memorandums and sets out many new grounds for relief, including failure to admonish of deportation consequences prior to guilty plea, ineffective assistance of counsel during plea negotiations, withholding of evidence in violation of *Brady v. Maryland*, violation of the Vienna Convention, and violation of *Miranda* rights. *Id.* at 5-8. Presently, however, no new habeas proceeding is pending in state court.[3]

---

[3] It appears that only the Amended Supplemental Brief, attached to Petitioner's second *Motion for Abeyance* (Doc. 10 at 19-28), was presented to the state court. *See Ex parte Tumbwe*, No. WR-77,207-02, at 65-74.

A federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). A *Rhines* stay is appropriate only if the petitioner shows (1) good cause for his failure to exhaust his claims, and (2) his unexhausted claims are not plainly meritless. *Id.*

Here, Petitioner cannot meet the second prong. His claims are plainly meritless because they are untimely. *See Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)) (explaining that a district court should not stay proceedings to permit a habeas petitioner to exhaust state claims when such claims are plainly meritless). A stay is not appropriate where the underlying federal petition is untimely. *Fenlon v. Thaler*, 2011 WL 6326099, at *13 (S.D.Tex. Dec. 16, 2011) (denying motion to stay because federal petition was untimely); *Madden v. Thaler*, No. 3:10-CV-1461-B, 2011 WL 2162910 (N.D. Tex. May 9, 2011), *report and recommendation adopted*, 3:10-CV-1461-B, 2011 WL 2164154, *7 (N.D. Tex. June 2, 2011) (motion to stay is not warranted when a petitioner has filed an untimely federal protective petition), *adopted*, 2011 WL 2164154 (N.D. Tex. June 2, 2011). Accordingly, Petitioner's motions to stay and abate should be denied.[4]

---

[4] In addition, Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 4(a) (West 2012). Here, a Texas court, if presented with a successive writ filed by Petitioner, would likely find it barred. *See Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997). This procedural bar provides an adequate basis to decline a request to stay and abate. *See Jaramillo v. Quarterman*, No. SA–08–CV–1003, 2009 WL 3765501, *3 (W.D. Tex. Nov.10, 2009) ("If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*."); *Anderson v. Quarterman*, No. 3:05-CV-2331-D, 2008 WL 906068, *1, *6 and n.7 (N.D. Tex. Mar. 31, 2008) (denying habeas petition in part as procedurally barred, and denying stay in light of Texas Abuse of the Writ doctrine).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and that Petitioner's *Motions for Abeyance* (Doc. 5, 10) be **DENIED**.

SIGNED September 5, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE