IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHANIEL TUMBWE, #1659695,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:12-CV-1723-P-BK |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case and the District Court granted Petitioner's motion for extension of time to object. Petitioner then filed two sets of objections, which essentially raise the same arguments and rely on exhibits attached to the second objection. (Doc. 17, 21). The District Court has now made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

Petitioner argues that he "did not squander the entire one year period" and that the Magistrate Judge did not consider "the dates for [Petitioner's] denial letter of his Motion for Appeal nor did she include the date for [Petitioner's] Motion for Appeal when making calculations for the one-year statute of limitations." (Doc. 21 at 6-7.) He asserts the "Magistrate Judge was misled by the Judicial District Court's failure to include [Petitioner's] dates for his Motion for Appeal and the denial letter on the Dallas County web site." *Id.* at 7. Claiming that he "has been exercising his rights and pursuing the habeas process with diligency [sic] and

alacrity," he also contends that he is entitled to equitable tolling. *Id.*

In support, Petitioner submits *for the first time* correspondence from the state trial court, dated March 29, 2011, advising him that the "Motion for appeal had been denied . . . Your cases were plea bargain and you have no right to appeal. You also waived your right to an appeal." (Doc. 21 at 8).[1] Petitioner also cites to the *Findings, Conclusions, and Recommendation* in *Tumbwe v. Thaler*, No. 3:10-CV-1658-L (his first federal habeas petition), which noted, as reflected in his first federal petition, that "[o]n August 9, 2010, Petitioner filed a direct appeal which is currently pending." (Doc. 21 at 9). Relying on that representation, the magistrate judge recommended that the petition in No. 3:10-CV-1658-L be dismissed for failure to exhaust state court remedies. *Id.* at 10. Because Petitioner did not object, the district court ultimately accepted the recommendation and dismissed his first federal petition without prejudice for failure to exhaust state court remedies. *Tumbwe v. Thaler*, No. 3:10-CV-1658-L, 2010 WL 5387777 (N.D. Tex. 2010).

Petitioner has <u>not</u> provided a copy of the "Motion to Appeal" that he claims filing in the trial court in August 2010. Moreover, his own pleadings concede that he did not file a notice of appeal. The federal petition in this case confirm Petitioner did not appeal the judgments of conviction. (Doc. 3 at 3 ¶ 8). In addition, when asked whether he filed any petitions, applications or motions from the judgment, Petitioner identified only the "withdrawal of plea of guilty motion and the state application for a state writ of habeas corpus." *Id.* ¶ 11. Likewise, in his state habeas applications, Petitioner admitted that he did not appeal from the judgment of

---

[1] The March 29, 2011 letter is not docketed on the criminal docket sheet available on the Dallas County website.

2

conviction. *Ex parte Tumbwe*, No. WR-77,207-01 at 3 ¶ 12; No. WR-77,207-02 at 3 ¶ 12.

Even if Petitioner sought to appeal, it is clear that the trial court did not treat his correspondence/request as a notice of appeal. The state criminal docket sheets (available on the Dallas County website) and the electronic state habeas court records (available through the Texas Court of Criminal Appeals) do not reflect the filing of a notice of appeal. Furthermore, Petitioner concedes that the trial court denied his "motion to appeal" in March 2011, and that he received the denial by April or May 2011, long before the one-year limitations period elapsed. *See* Federal Petition at 9 ¶ 26 (Doc. 3); and Memorandum in Support of State Habeas Application, WR-77,207-01 at 26-28. Thus, Petitioner has failed to provide sufficient proof that he timely and properly appealed following his July 2010 convictions.

Because Petitioner did not appeal, the Magistrate Judge correctly concluded that his convictions became final on August 16, 2010 (thirty days after entry of his guilty pleas), and that the one-year period elapsed (considering statutory tolling during the pendency of his state applications) on May 8, 2012, twenty-one days before his federal petition can be deemed filed. Therefore, this federal habeas action is clearly untimely.

Insofar as Petitioner relies on equitable tolling, his request is denied. As the Magistrate Judge reasoned, Petitioner cannot carry the burden of establishing that equitable tolling is warranted in this case. In addition, neither his request to appeal nor the dismissal of his first federal habeas petition (based on the purported pendency of a direct appeal and failure to exhaust state court remedies) present exceptional circumstances warranting equitable tolling.

Accordingly, Petitioner's objections are **OVERRULED.** The Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge and **DENIES**

Petitioner's *Motions for Abeyance* (Doc. 5, 10).

In addition, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

SO ORDERED this 28th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:
  **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.